Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of spun nylon or synthetic textile fiber, plied, the same in all material respects (except that it is plied) as that the subject of *Holeproof Hosiery Co.* v. *United States* (27 Cust. Ct. 176, C. D. 1366), the claim of the plaintiffs was sustained.

**No. 57844.**—F. L. Kraemer & Co. and Omni International Corp. *v.* United States, protest 201257–K (New York).

Opinion by OLIVER, C. J.   It was stipulated that the merchandise consists of cut filaments of vinylon, a synthetic textile fiber, not exceeding 30 inches in length, which is not waste; that said filaments of vinylon are not made from cellulose, a cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing; that vinylon did not enter the trade and commerce of the United States until about 1951; and to that extent the merchandise in question is similar in all material respects to that the subject of *Holeproof Hosiery Co.* v. *United States* (27 Cust. Ct. 176, C. D. 1366).   In C. D. 1366, spun nylon yarn was held dutiable at 6¼ cents per pound and 22½ percent ad valorem under the provisions of paragraph 1303, as modified by T. D. 51802, for "Spun yarn of rayon or other synthetic textile."   Accepting the stipulation as a statement of fact, the claim at 15 percent under paragraph 1302, as modified, *supra*, was sustained.

BEFORE THE SECOND DIVISION, FEBRUARY 10, 1954

**No. 57845.**—Castello Fencing Equipment and Rohner Gehrig & Co., Inc., et al. *v.* United States, protests 206732–K, etc. (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of foil blades similar in all material respects to those the subject of *Castello Fencing Equipment Co., Inc.,* and *Rohner, Gehrig & Co., Inc.* v. *United States* (29 Cust. Ct. 72, C. D. 1447), the claim of the plaintiffs was sustained.

**No. 57846.**—General Materials Co. and Schmidt Pritchard & Co., Inc. *v.* United States, protests 192243–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of aluminum rods similar in all material respects to those the subject of *Mohawk Iron & Steel Co.* v. *United States* (30 Cust. Ct. 274, C. D. 1533), the claim of the plaintiffs was sustained.

**No. 57847.**—Kurt Orban Co., Inc., and The Danwill Company *v.* United States, protest 209141–K (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of aluminum rods similar in all material respects to those the subject of *Mohawk Iron & Steel Co.* v. *United States* (30 Cust. Ct. 274, C. D. 1533), the claim of the plaintiffs was sustained.

**No. 57848.**—Van Waters & Rogers, Inc., et al. *v.* United States, protests 136926–K/12967, etc. (New Orleans).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as that the subject of *United States* v. *Geo. Wm. Rueff, Inc.* (41 C. C. P. A. 95, C. A. D. 535), the claim of the plaintiffs was sustained.

**No. 57849.**—Van Waters & Rogers, Inc. *v.* United States, protests 148401–K/13011, 148402–K/13018, and 148403–K/13027 (New Orleans).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as that the subject of *United States* v. *Geo. Wm. Rueff, Inc.* (41 C. C. P. A. 95, C. A. D. 535), the claim of the plaintiff was sustained.

**No. 57850.**—C. J. Tower & Sons *v.* United States, protests 179862–K, etc. (Buffalo).